≈JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

AMANDA SIM

**DEFENDANTS**

LFS & LPS, LTD; LARRY F. SANDER AND LAURA P. SANDER; CHRIS SANDER; EDGAR BAEZ; MCDONALD'S ⊞

**(b)**  County of Residence of First Listed Plaintiff   CHESTER
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   CHESTER
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

THOMAS R. WILSON, ESQUIRE, Thomas R. Wilson, LLC, 220 West Gay Street, West Chester, Pa. 19380 (484) 356-1910 ⊞

Attorneys (If Known)

## II.  BASIS OF JURISDICTION   (Place an "X" in One Box Only)

| | |
|---|---|
| ❏ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ❏ 2  U.S. Government Defendant | ❏ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ☒ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV.  NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury - | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Med. Malpractice | ❏ 625 Drug Related Seizure | 28 USC 157 | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | Liability | ❏ 365 Personal Injury - | of Property 21 USC 881 | | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 460 Deportation |
| & Enforcement of Judgment | Slander | ❏ 368 Asbestos Personal | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 470 Racketeer Influenced and |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Injury Product | ❏ 650 Airline Regs. | ❏ 830 Patent | Corrupt Organizations |
| ❏ 152 Recovery of Defaulted | Liability | Liability | ❏ 660 Occupational | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| Student Loans | ❏ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❏ 490 Cable/Sat TV |
| (Excl. Veterans) | ❏ 345 Marine Product | ❏ 370 Other Fraud | ❏ 690 Other | | ❏ 810 Selective Service |
| ❏ 153 Recovery of Overpayment | Liability | ❏ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 380 Other Personal | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | Property Damage | Act | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge |
| ❏ 190 Other Contract | Product Liability | ❏ 385 Property Damage | ❏ 720 Labor/Mgmt. Relations | ❏ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Product Liability | ❏ 730 Labor/Mgmt.Reporting | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | | & Disclosure Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❏ 892 Economic Stabilization Act |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate | ❏ 790 Other Labor Litigation | ❏ 870 Taxes (U.S. Plaintiff | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ☒ 442 Employment | Sentence | ❏ 791 Empl. Ret. Inc. | or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ | **Habeas Corpus:** | Security Act | ❏ 871 IRS—Third Party | ❏ 895 Freedom of Information |
| ❏ 240 Torts to Land | Accommodations | ❏ 530 General | | 26 USC 7609 | Act |
| ❏ 245 Tort Product Liability | ❏ 444 Welfare | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 900Appeal of Fee Determination |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | Under Equal Access |
| | Employment | ❏ 550 Civil Rights | ❏ 463 Habeas Corpus - | | to Justice |
| | ❏ 446 Amer. w/Disabilities - | ❏ 555 Prison Condition | Alien Detainee | | ❏ 950 Constitutionality of |
| | Other | | ❏ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

## V.  ORIGIN   (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ❏ 2 Removed from State Court | ❏ 3 Remanded from Appellate Court | ❏ 4 Reinstated or Reopened | ❏ 5 Transferred from another district (specify) | ❏ 6 Multidistrict Litigation | ❏ 7 Judge from Magistrate Judgment |

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
Title VII of Civil Rights Act of 1964 and PA Human Relations Act 43 P.S. Sec 951 et seq (PHRA)

Brief description of cause:
Discrimination; sexual harassment and assault

## VII.  REQUESTED IN COMPLAINT:

❏  CHECK IF THIS IS A **CLASS ACTION**
UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ☒ Yes   ❏ No

## VIII.  RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE

5/20/11

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMANDA SIM** | : | CIVIL ACTION |
| 203 Sussex Road | : | |
| West Chester PA 19380 | : | NO: 11 CV |
|      Plaintiff | : | |
|     v. | : | JURY TRIAL DEMANDED |
| **LFS & LPS, LTD., a Limited Partnership** | : | |
| 17 W. Miner Street | : | |
| P. O. Box 660 | : | |
| West Chester, Pa. 19380-660 | : | |
|     and | : | |
| **LARRY F. SANDER** and **LAURA P. SANDER** | : | |
| **MANAGEMENT COMPANY** formerly | : | |
| **d/b/a McDonalds** | : | |
| 17 W. Miner Street | : | |
| West Chester PA 19380 | : | |
|     and | : | |
| **CHRIS SANDER** | : | |
| 40 Meadow Lake Drive | : | |
| Downingtown, Pa. 19335 | : | |
|     and | : | |
| **EDGAR BAEZ** | : | |
| 124 W. Maple Avenue | : | |
| Coatesville, Pa. 19320 | : | |
|     and | : | |
| **MCDONALD'S CORPORATION** | : | |
| C/o Prentice-Hall Corporation | : | |
| 1013 Centre Road | : | |
| Wilmington, Delaware 19805 | | |

## CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.   (See § 1:03 of the plan set forth on the reverse side of this form.)   In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.       (   )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.      (   )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.(   )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.      (   )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.   (See reverse side of this form for a detailed explanation of special management cases.)                                           (   )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.     ( X )

_5/20/11_
**Date**

_____
**Thomas R. Wilson, Esquire**
**Attorney for PLAINTIFF**

**THOMAS R. WILSON, LLC**
**220 West Gay Street**
**West Chester, Pa. 19380**
**(484) 356-1910**
**(484) 356-1919**
**twilson@trwilsonlaw.com**

**(Civ. 660) 10/02**

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:___Amanda Sim, 203 Sussex Road, West Chester, Pa. 19380_____

Address of Defendant: __LFS & LPS, LTD, 17 W. Miner Street, P.O. Box 660, West Chester, Pa. 19380-660____

Place of Accident, Incident or Transaction: __LFS & LPS, LTD., and McDonald's Corporation_____

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐     No☒

Does this case involve multidistrict litigation possibilities?     Yes☐     No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
     Yes☐     No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
     Yes☐     No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
     Yes☐     No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
     Yes☐     No☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
     (Please specify)

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
     (Please specify)

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I,_____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __5/20/11__     _____     ____17513____
                              Attorney-at-Law                     Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE: __5/20/11__     _____     ____17513____
                              Attorney-at-Law                     Attorney I.D.#

CIV. 609 (6/08)

THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMANDA SIM** | : | CIVIL ACTION |
| 203 Sussex Road | : | |
| West Chester PA 19380 | : | NO: 11 CV |
|        Plaintiff | : | |
|      v. | : | JURY TRIAL DEMANDED |
| | : | |
| **LFS & LPS, LTD., a Limited Partnership** | : | |
| 17 W. Miner Street | : | |
| P. O. Box 660 | : | |
| West Chester, Pa. 19380-660 | : | |
|     and | : | |
| **LARRY F. SANDER** and **LAURA P. SANDER** | : | |
| **MANAGEMENT COMPANY** formerly | : | |
| **d/b/a McDonalds** | : | |
| 17 W. Miner Street | : | |
| West Chester PA 19380 | : | |
|     and | : | |
| **CHRIS SANDER** | : | |
| 40 Meadow Lake Drive | : | |
| Downingtown, Pa. 19335 | : | |
|     and | : | |
| **EDGAR BAEZ** | : | |
| 124 W. Maple Avenue | : | |
| Coatesville, Pa. 19320 | : | |
|     and | : | |
| **MCDONALD'S CORPORATION** | : | |
| C/o Prentice-Hall Corporation | : | |
| 1013 Centre Road | : | |
| Wilmington, Delaware 19805 | | |

## PLAINTIFF'S COMPLAINT

Plaintiff brings this action against her former employer for discrimination in violation of Title VII of the Civil Rights Act of 1964 (as amended), the Pennsylvania Human Relations Act, and for pendent State actions of negligent employment, failure to supervise, harassment and assault. Plaintiff was a 16-year-old employee of Defendants LFS & LPS and McDonald's Corporation. Plaintiff was placed under the supervision and management of one

Edgar Baez, a 34-year-old sexual predator and offender who engaged in a course of criminal conduct against Plaintiff, including sexual harassment and sexual acts with Plaintiff, while she was a minor. Plaintiff notified Defendant's assistant manager, who was married to Defendant's manager. No action was taken by Defendant until March 10, 2009, when Defendant's manager, Edgar Baez, was arrested and fired by Defendant McDonald's. Following the arrest, Defendant's manager harassed and retaliated against Plaintiff by demeaning her and criticizing her to other employees and in public.

## JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000 et seq. (Title VII) and the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. (PHRA). This court has jurisdiction of the subject matter of this action pursuant to 28 USC §1343 and 42 USC §2000 e 5(f)(3). Plaintiff also pleads supplemental claims under the laws of the Commonwealth of Pennsylvania for negligent hiring and supervision, infliction of emotional distress, and assault and battery pursuant to 28 USC §1367.

2. Venue is proper in this district under 28 U.S.C. § 1391(b), as Defendants conduct business in this district, and the events giving rise to the claims occurred in this district.

## PARTIES

3. Plaintiff, Amanda Sim, is a citizen of the United States who resides at 203 Sussex Road, West Chester, PA 19380.

4. Defendant LFS & LPS, Ltd. is a Pennsylvania limited partnership which did or does business at McDonald's at Route 100 & Swedesford Road, in Exton PA 19341.

5.     Larry F. Sander and Laura P. Sander Management Company is the general partner of LFS and LPS, Ltd., and is a Pennsylvania Corporation with its registered office at 17 West Miner Street, West Chester, PA 19380.

6.     Chris Sander is the general manager at the McDonald's restaurant owned and franchised by LFS & LPS, LTD, Larry F. and Laura P. Sander Management Co. and McDonald's USA, whose address is 40 Meadow Lake Drive, Downingtown, Pa. 19335.

7.     McDonald's Corporation is a Delaware Corporation with registered offices at 1013 Centre Road, Wilmington Delaware which franchised its name and business to Defendant LFS and LPS, Ltd and/or Defendant Larry F. and Laura Sander Management Company

8.     Edgar Baez was an employee and was manager and/or supervisor at the McDonald's restaurant owned by and franchised by LFS and LPS, Ltd., Larry F. and Laura P. Sander Management Company and McDonald's USA whose last known address was 124 W. Maple Avenue, Coatesville, Pennsylvania 19320.

9.     At all relevant times, Defendants Larry F. Sander, Laura P. Sander and McDonald's were an employer (collectively hereafter "McDonald's"), as defined by 42 USC 2000 e(b) and 43 P.S. 954, doing business in this state.

10.     At all relevant times, Plaintiff was an employee as defined by Title VII and the Pennsylvania Human Relations Act, working in this state.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11.     Plaintiff filed a complaint with the Pennsylvania Human Rights Commission (PHRC) regarding the events giving rise to this matter, which complaint was cross-filed with the Equal Employee Opportunity Commission (EEOC) on September 30, 2009.

12.     The PHRC issued a right to sue on April 13, 2011.

3

13.     The EEOC issued a right to sue on April 26, 2011.  This action was commenced more than 60 days after the charge was filed, and less than 90 days after Sim received a Notice of Right to Sue from the EEOC.

## FACTS

14.     At all times relevant hereto, Plaintiff was a minor, 16 years of age, with special mental and/or emotional needs, all facts which were known, or should have been known, to Defendant McDonald's.

15.     Plaintiff received inadequate or no training from Defendants regarding her right to work in an environment free from sexual harassment and free from retaliation for complaining about sexual harassment.

16.     Plaintiff received late or inadequate notice of how and to whom she should complain about sexual harassment while employed by Defendants.

17.     Defendants did inadequate background checks (or no background checks) for its employee, manager/supervisor Edgar Baez, age 34, before placing Plaintiff under his supervision and/or control.

18.     As Plaintiff's manager/supervisor, Baez had authority and control over the terms and conditions of Plaintiff's employment.

19.     At all times relevant hereto, Defendant employee, manager/supervisor Edgar Baez, was an undocumented alien working without proper immigration status.

20.     Plaintiff began employment with McDonald's on or about July 2007, at the age of 16.

21.     Shortly thereafter, and continuing through to his arrest, Baez began to sexually harass Plaintiff while she was under his supervision.

4

22.     Specifically, Baez made overt sexual comments directed to Plaintiff, and engaged in a pattern of escalating physical contact, culminating in sexual intercourse while on the employer's premises.

23.     When Plaintiff made it clear to Baez that his conduct was unwelcome, he gave her a punitive work assignment, and otherwise defamed her to defendant Chris Sander.

24.     Baez instructed Plaintiff not to tell anyone about his conduct, as it could get him in trouble.

25.     Although initially fearful, Plaintiff did complain about Baez's conduct to defendant assistant manager, Laura Sander.

26.     Despite the complaints, no action was taken against Baez, and his harassing conduct continued.

27.     Plaintiff feared for her safety when she had to work with Baez alone.

28.     Plaintiff finally notified Chris Sander about Baez's conduct.

29.     Baez was terminated following his arrest in March, 2009.

30.     Following the arrest, Defendant's manager, Chris Sander, retaliated against Plaintiff for her complaints of sexual harassment by demeaning her and criticizing her to other employees and in public.

31.     Specifically, Sander continuously referred to Baez as Plaintiff's "boyfriend" and referred to Plaintiff as a "slut" and a "whore", telling her that she "asked for it."

32.     As a result of Sander's retaliatory conduct, Plaintiff was constructively discharged in or about August 21, 2009.

5

33.     On August 26, 2009, Defendant employee, manager/supervisor Edgar Baez, pled guilty and was sentenced to prison for 6 to 23 months for endangering the welfare of a minor and for corrupting the morals of a minor (Plaintiff).

34.     As a result of the events above described, Plaintiff was sexually assaulted and suffered physical and emotional harm, including anxiety, depression, sleeplessness, lowered self esteem, and emotional upset.

35.     As a result of the events above described, Plaintiff suffered loss of income and personal and public humiliation.

36.     As a result of the events above described, Plaintiff seeks damages in excess of $150,000.

37.     Defendants' acts above described directly and indirectly were performed in willful, reckless, or knowing disregard of their duties to an employee under Title VII and the Pennsylvania Human Relations Act.

**COUNT I**
**DISCRIMINATION IN VIOLATION OF TITLE VII**

38.     Plaintiff incorporates paragraphs 1 through 37 by reference as if set forth at length.

39.     Plaintiff was subjected to severe and/or pervasive unwelcome sexual harassment by Defendants which created a hostile work environment.

40.     By intentionally, willfully, and deliberately failing to take reasonable steps to protect Plaintiff from, and condoning gender-based harassment by, employee, manager/supervisor Edgar Baez, against Plaintiff, Defendants are in violation of Title VII.

41.     By intentionally, willfully and deliberately subjecting Plaintiff to ridicule and harassment that was incident and gender based by manager Chris Sander against Plaintiff, Defendants are in violation of Title VII.

        **WHEREFORE**, Plaintiff prays for the following relief:

6

a.      Order Defendants to reinstate Plaintiff to the position which she would have had if she had not been the victim of discrimination, together with all compensation, benefits, and job opportunities incident thereto;

b.      Order Defendants to compensate Plaintiff for the full value of compensation and benefits she would have received had she not been the victim of discrimination and retaliation;

c.      Enter a judgment in favor of Plaintiff and against Defendants for compensatory and punitive damages under Title VI;

d.      Enter a permanent injunction enjoining Defendants from discriminating against Plaintiff in any manner that violates Title VII;

e.      Order Defendants to pay Plaintiff the costs and expenses of this litigation, including reasonable attorneys' fees; and,

f.      Grant Plaintiff such further legal and equitable relief as the Court may deem just and proper.

## COUNT II
## DISCRIMINATION IN VIOLATION OF  P.H.R A.

42.     Plaintiff incorporates as if fully stated the allegations of the preceding paragraphs.

43.     By intentionally, willfully, and deliberately failing to take reasonable steps to protect Plaintiff from, and thereby condoning, gender-based harassment by employee, manager/supervisor Edgar Baez, against Plaintiff, Defendants are in violation of PHRA.

44.     By intentionally, willfully and deliberately subjecting Plaintiff to ridicule and harassment that was incident and gender based by manager Chris Sanders against Plaintiff, Defendants are in violation of PHRA.

7

**WHEREFORE,** Plaintiff prays for the following relief:

a.  Order Defendants to reinstate Plaintiff to the position which she would have had if she had not been the victim of discrimination, together with all compensation, benefits, and job opportunities incident thereto;

b.  Order Defendants to compensate Plaintiff for the full value of compensation and benefits she would have received had she not been the victim of discrimination and retaliation;

c.  Enter a judgment in favor of Plaintiff and against Defendants for compensatory damages under PHRA;

d.  Enter a permanent injunction enjoining Defendants from discriminating against Plaintiff in any manner that violates the PHRA;

e.  Order Defendants to pay Plaintiff the costs and expenses of this litigation, including reasonable attorneys' fees; and,

f.  Grant Plaintiff such further legal and equitable relief as the Court may deem just and proper.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE VII

45.  Plaintiff incorporates as if fully stated the allegations of the preceding paragraphs.

46.  Plaintiff engaged in protected activity when she complained about sexual harassment to Defendant Employer.

47.  Defendant Employer retaliated against Plaintiff by creating a hostile environment, in violation of Title VII.

48.  The retaliatory conduct was causally connected to Plaintiff's complaint.

**WHEREFORE,** Plaintiff prays for the following relief:

8

a.      Order Defendants to reinstate Plaintiff to the position which she would have had if she had not been the victim of discrimination, together with all compensation, benefits, and job opportunities incident thereto;

b.      Order Defendants to compensate Plaintiff for the full value of compensation and benefits she would have received had she not been the victim of discrimination and retaliation;

c.      Enter a judgment in favor of Plaintiff and against Defendants for compensatory and punitive damages under Title VI;

d.      Enter a permanent injunction enjoining Defendants from discriminating against Plaintiff in any manner that violates Title VII;

e.      Order Defendants to pay Plaintiff the costs and expenses of this litigation, including reasonable attorneys' fees; and,

f.      Grant Plaintiff such further legal and equitable relief as the Court may deem just and proper.

## COUNT IV
## RETALIATION IN VIOLATION OF P. H. R. A.

49.    Plaintiff incorporates as if fully stated the allegations of the preceding paragraphs.

50.    Plaintiff engaged in protected activity when she complained about sexual harassment to Defendant Employer.

51.    Defendant Employer retaliated against Plaintiff by creating a hostile environment, in violation of the PHRA.

52.    The retaliatory conduct was casually connected to Plaintiff's complain.

        **WHEREFORE,** Plaintiff prays for the following relief:

9

a.  Order Defendants to reinstate Plaintiff to the position which she would have had if she had not been the victim of discrimination, together with all compensation, benefits, and job opportunities incident thereto;

b.  Order Defendants to compensate Plaintiff for the full value of compensation and benefits she would have received had she not been the victim of discrimination and retaliation;

c.  Enter a judgment in favor of Plaintiff and against Defendants for compensatory damages under PHRA;

d.  Enter a permanent injunction enjoining Defendants from discriminating against Plaintiff in any manner that violates PHRA;

e.  Order Defendants to pay Plaintiff the costs and expenses of this litigation, including reasonable attorneys' fees; and,

f.  Grant Plaintiff such further legal and equitable relief as the Court may deem just and proper.

## COUNT V
## NEGLIGENT  HIRING AND NEGLIGENT SUPERVISION

53.  Plaintiff incorporates as if fully stated the allegations of the preceding paragraphs.

54.  Defendants and Defendant McDonald's knowingly employs minors and places them under the direct control and supervision of older adult employees, managers, and supervisors.

55.  Defendants and Defendants know, or should know, that persons under the age of majority are impressionable and susceptible to corrupt influences that adults can resist.

56.  Defendants and Defendant, McDonald's had a duty to Plaintiff and to other minor employees to secure a safe working environment for them by screening the adult employees who manage and/or supervise them and by implementing education, supervision, and reporting

10

policies and protocols to minimize the prospect that a minor would be subjected to an adult predator.

57.     Defendants and Defendant McDonald's failure to properly screen and/or to supervise its employee, manager/supervisor Edgar Baez, placed Plaintiff in a foreseeable position of unreasonable risk.

58.     Defendants and Defendant McDonald's failed to educate, supervise, or otherwise protect Plaintiff as a minor and as a special education student from Plaintiff's employee, manager/supervisor Edgar Baez, who was a sexual predator.

59.     Plaintiff believes and therefore avers that Defendants and Defendant McDonald's actions and inactions regarding the protection of the minor Plaintiff fell below standards in the industry. As a result of Defendants and Defendant McDonald's failures, minor Plaintiff suffered the above-described injuries.

        **WHEREFORE**, Plaintiff prays for the following relief:

        a.      The award of compensation and punitive damages in excess of $150,000; and

        b.      The award of the costs and expenses of this litigation.

## COUNT VI
## INFLICTION OF EMOTIONAL DISTRESS

60.     Plaintiff incorporates as if fully stated the allegations of the preceding paragraphs.

61.     The actions of Defendants and Defendant McDonald's, by and through its agent and manager, Chris Sander, in ridiculing Plaintiff and subjecting her to harassment after the arrest of employee, manager/supervisor Edgar Baez, were either intentional or unintentional and were made recklessly.

62.     Plaintiff was humiliated and embarrassed by Defendants' and Defendant McDonald's manager's actions.

11

**WHEREFORE**, Plaintiff prays for the following relief:

a.      The award of compensation and punitive damages in excess of $150,000; and

b.      The award of the costs and expenses of this litigation.

### COUNT VII
### ASSAULT AND BATTERY

63.     Plaintiff incorporates as if fully stated the allegations of the preceding paragraphs.

64.     Defendant, employee-manager-supervisor Edgar Baez, assaulted Plaintiff on several occasions.

65.     Defendants and Defendant McDonald's knew, or should have known, of the actions of Edgar Baez.

66.     Defendants and Defendant McDonald's knew, or should have known, of the propensities of Edgar Baez for sexual assault and sexual harassment of minor Plaintiff.

67.     Defendants and Defendant Edgar Baez placed minor Plaintiff in apprehension of harmful or offensive contact on several occasions.

**WHEREFORE,** Plaintiff prays for the following relief:

a.   The award of compensation and punitive damages in excess of $150,000; and

b.   The award of the costs and expenses of this litigation.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all counts of this complaint for which such trial is available.

THOMAS R. WILSON, LLC

_____
By: Thomas R. Wilson, Esquire I.D. 17513
220 West Gay Street
West Chester PA  19380
(484) 356-1910

12